IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA : 
 : 
 v. : Criminal No. DKC 12-0624-001
 : Civil Action No. DKC 17-2180
 : 
BILLYMIR MANCILLA-BREVICHET : 

**MEMORANDUM OPINION**

Plaintiff filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 raising claims of ineffective assistance of counsel.  ECF No. 359.  The motion was received by the clerk for filing on August 1, 2017, and is dated July 26, 2017.  The Government's response alleges the motion is untimely, and otherwise without merit.  ECF No. 365.  The court issued an Order on December 1, 2017, placing Petitioner on notice that his motion to vacate would be dismissed as untimely unless he provided the court with information that established he is either entitled to the benefit of the exceptions provided in 28 U.S.C. § 2255, or he is entitled to an equitable tolling of the statute of limitations.  Petitioner has not filed a response.

Petitioner pled guilty to one count of conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana and one count of conspiracy to commit money

laundering on April 1, 2013.  He was sentenced on August 6, 2013, to 90 months imprisonment followed by four years of supervised release.  ECF No. 198.  His sentence was reduced on November 19, 2015, to 73 months based on a sentencing guidelines range that had been retroactively lowered by the United States Sentencing Commission.  ECF No. 347.  No appeal was noted.  Affording his sentencing the most generous construction, his conviction became final on November 19, 2015, as the one-year statute of limitations set out under 28 U.S.C. § 2255(f)(1) began to run on that date.  *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (where no appeal taken, statute of limitations begins to run on date the court entered the judgment of conviction).  Therefore, Petitioner had until November 19, 2016, to file a timely motion to vacate and did not do so.

Petitioner's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 will be denied and the Clerk will be ordered to close *Mancilla-Brevichet v. United States,* Civil Action No. DKC-17-2180.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Petitioner fails to satisfy this standard.

February 20, 2018
/s/
DEBORAH K. CHASANOW
United States District Judge